## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                     **CRIMINAL ACTION**

**VERSUS**                                                        **No. 12-251**

**CALVIN HARRIS**                                           **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Calvin Harris ("Harris"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed an opposition.[2] For the following reasons, the Court finds that an evidentiary hearing is not required and the motion is **DENIED** and his post-conviction application is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On September 6, 2012, Harris was charged in all counts of a 3-count indictment relating to an incident that occurred on August 22, 2012.[3] Count 1 charged that Harris knowingly possessed two firearms after having previously been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[4] Count 2 charged that Harris knowingly and intentionally possessed with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[5] Count 3 charged that Harris knowingly possessed two firearms in furtherance of a drug trafficking crime (that is, possession with intent to distribute heroin) in

---

[1] R. Doc. No. 38.
[2] R. Doc. No. 43.
[3] R. Doc. No. 8.
[4] R. Doc. No. 8, at 1-2.
[5] R. Doc. No. 8, at 2.

violation of 18 U.S.C. § 924(c)(1).[6] The indictment also contained a notice of drug forfeiture and a notice of gun forfeiture.[7]

On November 7, 2012, Harris pleaded guilty to all counts of the indictment.[8] Although there was no plea agreement, the government did submit a factual basis signed by the defendant, his counsel, and counsel for the government.[9] In the factual basis, Harris admitted that he was arrested by New Orleans Police Department ("NOPD") officers while in possession of "a hand-rolled cigar containing marijuana" and "approximately 33 grams of heroin, which was contained in a coin purse attached to his belt loop."[10] Harris admitted that he consented to a search of his residence and that he alerted detectives that they would find two firearms inside.[11] Officers located a loaded 9mm pistol under a pillow in Harris's bedroom and a loaded .38 caliber revolver in a shoebox in another room.[12] Harris further admitted that the revolver "was found readily accessible in the same room where officers recovered two plastic bags containing a substance that tested positive for approximately 211 grams of heroin," and that another "nine plastic bags containing a substance that tested positive for approximately 39.7 grams of heroin" was found in plain view on the kitchen table.[13] Harris also admitted that he had previously been "convicted of the felony charge of Possession With Intent to Distribute Crack Cocaine on October 20, 1995."[14]

---

[6] R. Doc. No. 8, at 2.
[7] R. Doc. No. 8, at 2-3.
[8] R. Doc. No. 20.
[9] R. Doc. No. 19.
[10] R. Doc. No. 19, at 1.
[11] R. Doc. No. 19, at 2.
[12] R. Doc. No. 19, at 2.
[13] R. Doc. No. 19, at 2.
[14] R. Doc. No. 19, at 2.

On February 7, 2013, this Court sentenced Harris to a term of 120 months of imprisonment.[15] "This term consists of 60 months as to each of counts one and two, to be served concurrently. This term also consists of 60 months as to count three, to be served consecutively to the sentence imposed on counts one and two."[16]

On February 13, 2013, Harris submitted a handwritten notice of appeal.[17] The appeal was ultimately dismissed for want of prosecution.[18] Harris filed the instant § 2255 motion on February 6, 2014,[19] and the government agrees that it was timely filed.[20]

## STANDARD OF LAW

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United*

---

[15] R. Doc. No. 20, at 2.

[16] R. Doc. No. 30, at 2.

[17] R. Doc. No. 31. The notice of appeal was not filed into the record until February 15, 2013.

[18] R. Doc. No. 35. The Court notes that both Harris and the government state that Harris never appealed. *See* R. Doc. No. 38, at 3 ("Did not file direct appeal[.]"); R. Doc. No. 43, at 5 ("Harris did not file an appeal directly challenging his 924(c) conviction.").

[19] R. Doc. No. 38.

[20] R. Doc. No. 43, at 2 ("On February 6, 2014, Harris filed this timely motion to vacate under 28 U.S.C. § 2255.").

*States v. Hayman*, 342 U.S. 205, 222-23 (1952). The inquiry does not extend to the misapplication of sentencing guidelines. *See Williamson*, 183 F.3d at 462.

"The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (citing *Andrews v. United States*, 373 U.S. 334, 339 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see also, e.g.*, *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

### DISCUSSION

Harris asserts three primary grounds for relief, and the Court addresses each in turn.

### I.     Ground One

Harris asserts that his counsel was constitutionally deficient.[21] The United States Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court articulated a two-part test

---

[21] R. Doc. No. 38, at 3.

4

that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 697.

Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of alleged trial errors, the petitioner must show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

The petitioner must satisfy both prongs of the Strickland test in order to be successful on an ineffective assistance claim. *See Strickland*, 466 U.S. at 697. A court is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

Harris contends that his counsel should have argued that Harris could not be convicted of both counts 1 and 3 because they "are based on the exact same conduct[:] possession with intent

5

to distribute 100 grams or more of Heroin."[22] The government argues, "Although based upon the same overall facts, each of the three charges require at least one distinct factual element different from the other charges."[23]

Harris appears to argue that his counsel should have made a double jeopardy argument. The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Harris's claim arises under the third prong. Punishment for the same offense is determined by "whether each provision requires proof of an additional fact which the other does not." *Id.* at 166 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). To meet this test, the court must "compare the criminal statutes at issue and inquire whether each provision requires proof of an additional fact that the other does not." *United States v. Singleton*, 16 F.3d 1419, 1442 (5th Cir. 1994) (citing *Blockburger*, 284 U.S. at 304).

The crime charged in count 1—possession of a firearm by a convicted felon—requires that the government prove beyond a reasonable doubt that: 1) "the defendant knowingly possessed a firearm;" 2) before possessing the firearm, "the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;" and 3) that the firearm "traveled in" or "affected" interstate commerce. Fifth Circuit Pattern Jury Instructions (Criminal) § 2.47 (2012).

The crime charged in count 3—possession of a firearm in furtherance of a drug trafficking crime—requires that the government prove beyond a reasonable doubt that: 1) "the defendant committed the crime alleged in Count [2]," and 2) "the defendant knowingly

---

[22] R. Doc. No. 38, at 3.
[23] R. Doc. No. 43, at 4.

6

possessed a firearm in furtherance of the defendant's commission of the crime charged in Count [2]." Fifth Circuit Pattern Jury Instructions (Criminal) § 2.48 (2012).

Harris's conviction for count 1 could not have been based on the crime charged in count 2, as Harris contends,[24] because he had not been convicted of that crime *before* possessing the firearm. Rather, Harris admitted that he "was previously convicted of the felony charge of Possession With Intent to Distribute Crack Cocaine on October 20, 1995," and that he was sentenced to five years in custody.[25] This conviction satisfies the requirement of § 922(g)(1) that before Harris possessed the firearm, he "had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year." Fifth Circuit Pattern Jury Instructions (Criminal) § 2.47 (2012).

Count 3, on the other hand, related to the crime charged in count 2. Defendant pleaded guilty to count 2 and, as discussed below,[26] there was sufficient evidence to prove beyond a reasonable doubt that he "knowingly possessed a firearm in furtherance" of that crime. *See* Fifth Circuit Pattern Jury Instructions (Criminal) § 2.48 (2012).

Harris's convictions as to counts 1 and 3 were not predicated on the same conduct, and his conviction on all counts of the indictment does not raise any double jeopardy concerns because "each provision requires proof of an additional fact that the other does not." *Singleton*, 16 F.3d at 1442 (citing *Blockburger*, 284 U.S. at 304). "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim

---

[24] R. Doc. No. 38, at 3.

[25] R. Doc. No. 19, at 2. Such sentence was suspended and Harris received five years of probation. However, Harris's probation was revoked on August 26, 1998, and Harris served the original five year term of imprisonment, from which he was released on September 6, 2004. R. Doc. No. 19, at 2-3.

[26] *See* discussion *infra* Part III. Harris challenges the evidence with respect to this element of count 3 in his third asserted ground for relief.

because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (citing *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994); *United States v. Victoria*, 876 F.2d 1009, 1012-13 (1st Cir. 1989) (Breyer, J.)); *see also Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."). Accordingly, this ground for relief is without merit and it can be dismissed without an evidentiary hearing.

## II.       Ground Two

Harris asserts that his guilty plea is invalid "because there was [an] insufficient factual basis" as to count 3, which allegedly relied on the "same conduct used to support" count 1.[27] As discussed above in connection with Harris's ineffective assistance claim, this argument is meritless. Accordingly, this ground can be dismissed without an evidentiary hearing.

## III.      Ground Three

Harris asserts that there was insufficient evidence as to count 3 because "there was not [a] shred . . . of evidence establish[ing] that defendant was in possession of a firearm in furtherance of any drugs [sic] activity."[28] Harris notes that he "was arrested several blocks from his residence" and that "at the time of his arrest, he was not in possession of any firearm."[29] Harris further asserts that he only "agreed to allow[] the officers to search his residence without [a] warrant" because he had "been given assurance that he would not be held criminal[ly] responsible for any type of firearm discovered."[30]

---

[27] R. Doc. No. 38, at 4.
[28] R. Doc. No. 38, at 6.
[29] R. Doc. No. 38, at 6.
[30] R. Doc. No. 38, at 6.

Although "'mere presence' of a firearm at the scene of drug activity does not alone amount to possession in furtherance of that activity," the Fifth Circuit has determined that the keeping of readily accessible, loaded, illegal weapons in close proximity to substantial quantities of drugs is sufficient for a conviction pursuant to § 924(c).[31] *United States v. Charles*, 469 F.3d 402, 406 (5th Cir. 2006) (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000)); *see also United States v. Starks*, 145 F. App'x 939, 941 (5th Cir. 2005); *United States v. Coleman*, 145 F. App'x 859, 861 (5th Cir. 2005).

Officers located a loaded 9mm pistol under a pillow in Harris's bedroom and a loaded .38 caliber revolver in a shoebox in another room.[32] Harris admitted that the revolver "was found readily accessible in the same room where officers recovered two plastic bags containing a substance that tested positive for approximately 211 grams of heroin."[33] The factual basis signed by Harris is sufficient to sustain his conviction as to count 3. *See Ceballos-Torres*, 218 F.3d at 415.[34] Accordingly, the factual basis was sufficient to support a conviction as to count 3.

Harris's assertion that his consent to a search was premised on immunity from criminal prosecution (which the Court construes as a Fourth Amendment challenge to the validity of the

---

[31] In *Ceballos-Torres*, the Fifth Circuit listed factors that may help determine whether a particular defendant's possession of a firearm furthers, advances, or helps forward a drug trafficking offense: (1) "the type of drug activity that is being conducted"; (2) "the accessibility of the firearm"; (3) "the type of the weapon"; (4) "whether the weapon is stolen"; (5) "the status of the possession (legitimate or illegal)"; (6) "whether the gun is loaded"; (7) "proximity to drugs or drug profits"; and (8) "the time and circumstances under which the gun is found." 218 F.3d at 414-15.  After setting forth these factors, the Fifth Circuit concluded: "The weapon was loaded and easily accessible in Ceballos's apartment, and he confessed to ownership of the firearm. It was possessed illegally. And it was possessed in the apartment along with a substantial amount of drugs and money. Together, these factors reasonably support a finding that Ceballos's gun protected his drugs and money against robbery." *Id.* at 415.

[32] R. Doc. No. 19, at 2.

[33] R. Doc. No. 19, at 2.

[34] *See also supra* note 31.

consent to search that Harris gave to NOPD officers) also does not provide a ground for relief. "A defendant who pleads guilty waives all nonjurisdictional defects in the prior proceedings." *United States v. Walker*, No. 10-143, 2012 WL 4415357, at \*2 (E.D. La. Sept. 24, 2012) (Engelhardt, J.) (citing *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008)). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea," with the exception of "attack[ing] the voluntary and intelligent character of the guilty plea." *Daughenbaugh*, 549 F.3d at 1012 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Harris has not challenged the voluntariness and intelligence of his guilty plea, and he has never previously challenged the validity of the search of his home. Accordingly, Harris may not raise this Fourth Amendment argument for the first time on collateral review.

## CONCLUSION

An evidentiary hearing is required on Harris's motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the foregoing reasons, the motion, files, and record of the case conclusively show that Harris is not entitled to relief. *See Bartholomew*, 974 F.2d at 41. Accordingly,

**IT IS ORDERED** that the motion is **DENIED** and his post-conviction application is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, April 29, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**